**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-02593-ODW-KES                                      Date: April 6, 2021

Title: ROBERT DAMON EPPS v. LAC

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

|  Jazmin Dorado  |  Not Present  |
| :---: | :---: |
| Courtroom Clerk | Court Reporter |

|  ATTORNEYS PRESENT FOR PLAINTIFF:  |  ATTORNEYS PRESENT FOR DEFENDANTS:  |
| :---: | :---: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**          **Order Dismissing Complaint (Dkt. 1)**
                                                                    **with Leave to Amend**

**I.      BACKGROUND**

Robert Damon Epps ("Plaintiff"), an inmate in the custody of the California Department of Corrections ("CDCR") who is proceeding pro se,[1] filed a civil rights complaint under 42 U.S.C. § 1983. ("Complaint" at Dkt. 1.) The Complaint requests assignment to a single cell based on the following factual allegations:

I'm in prison for a sex offense and on 12/27/07, 4/2/14, [and] 4/2/19[,] I was attacked by another prisoner because I can't show paperwork. My mental health diagnosis is schizoaffective disorder and one of my symptoms is paranoia.

[¶] On 1/1/18, CDCR made the EOP [Enhanced Outpatient Program] ... non-designated meaning SNY [Special Needs Yard] and GP [General Population] prisoners living together[.] [B]y this new rule I fear for my safety and I'm paranoid to be in the cell with anyone[,] but the appeals coor[dinator] stated that if I'm ever placed in a cell with someone who ask[s] to see my paperwork to inform custody[.] [B]ut by this time it might be to[o] late. Please note I was single cell

---

[1] "Pro se" means without the assistance of a lawyer.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-02593-ODW-KES                    Date: April 6, 2021
                                                                              Page 2

status from 2006 [un]til 2012.

(Compl. at 5.)[2]  The only Defendant named in the Complaint is "LAC."  (Compl. at 1, 3-4.)  The Court interprets this as referring to California State Prison-Los Angeles County, the prison where Plaintiff is currently housed. (Id. at 1); CDCR Inmate Locator, https://inmatelocator.cdcr.ca.gov/.

Under 28 U.S.C. § 1915A(a), the Court must screen any "complaint in a civil action in which a prisoner seeks redress from a governmental entity, or from an officer or employee of a governmental entity."  The Court must dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

The Court has reviewed the Complaint and, as explained more fully below, finds that it fails to state a claim against Defendant LAC.  The Complaint is therefore dismissed without prejudice and with leave to amend.

## II.    LEGAL STANDARD

A complaint may fail to state a claim for two reasons: (1) lack of cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended).  In determining whether a complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and interpreted in the light most favorable to plaintiff.  Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

Further, where the plaintiff is appearing pro se, the court must construe the allegations of the complaint liberally and must afford the plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  However, the liberal pleading standard only applies to a plaintiff's factual allegations.  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do .… Factual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] In quoting from the pro se Complaint, the Court has amended spelling and grammatical errors where Plaintiff's meaning is clear.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-02593-ODW-KES                                    Date: April 6, 2021
                                                                                        Page 3

inference that the defendant is liable for the misconduct alleged.") (internal citation and quotation marks omitted).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss it with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.     ANALYSIS**

The Court interprets the Complaint as bringing a claim under the Eighth Amendment, which requires prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citation omitted). A prison official violates the Eighth Amendment only when two requirements are met. First, the prisoner must show that the risk to him is "sufficiently serious" and that "he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834. Second, the defendant must have a "sufficiently culpable state of mind" demonstrating "deliberate indifference to inmate health or safety...." Id. (quotation marks and citation omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

42 U.S.C. § 1983 allows a plaintiff to sue any "person" who violates his constitutional rights. Courts have held that a state and state prisons are not "persons" under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989) ("a State is not a person within the meaning of § 1983"); Lucero v. Hensley, 920 F. Supp. 1067, 1076 (C.D. Cal. 1996) ("[T]o the extent plaintiff seek relief against CMC [the California Men's Colony] . . . CMC is not a proper defendant.").

The Complaint currently fails to state a claim for relief for two reasons. First, the Complaint does not show that the risk of harm to Plaintiff is sufficiently serious. Plaintiff might be able to meet this element if, for example, he adds more facts about any injuries he received in the prior "attacks" on him.

Second, LAC is not a proper defendant under § 1983. A proper defendant might include any prison official who knew about the risk of harm to Plaintiff. If Plaintiff wishes to name the appeals coordinator described in the Complaint as a defendant, he should include the coordinator's name and/or any other identifying information within his personal knowledge.

**IV.     CONCLUSION**

IT IS HEREBY ORDERED that the Complaint (Dkt. 1) is dismissed without prejudice and with leave to amend. **On or before May 4, 2021**, Plaintiff shall do one of the following:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-02593-ODW-KES                                    Date: April 6, 2021
                                                                              Page 4

1.  File a First Amended Complaint that attempts to remedy the defects identified in the Complaint.  If Plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned to this case (2:21-cv-02593-ODW-KES), be labeled "First Amended Complaint," and be complete in and of itself without reference to the original Complaint or any other documents (except any documents that are attached to the First Amended Complaint as exhibits).

2.  If Plaintiff disagrees with the analysis in this screening order and/or believes he cannot add any more factual allegations to his Complaint, then he may file a notice of intent to proceed with the Complaint.  If Plaintiff chooses to file such a notice, then the Magistrate Judge may recommend that the District Judge dismiss the Complaint without further leave to amend.

**If Plaintiff fails to timely respond to this order by exercising one of these three options, this action may be dismissed for lack of diligent prosecution.**

The Clerk is directed to provide Plaintiff with a copy of Form CV-066 for filing federal civil rights complaints.

Initials of Deputy Clerk <u>JD</u>

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-02593-ODW-KES                                      Date: April 6, 2021
                                                                                            Page 5

### TIPS FOR WRITING BETTER COMPLAINTS

**1.       Plead "Facts" Rather than Just "Conclusions or Labels."**

An order dismissing a complaint with leave to amend might say, "___." Your Complaint should include a label or conclusion that identifies your legal claim *and* the facts supporting it. To make sure that you have both, you need to understand the difference between them. The following examples illustrate the difference:

| Pleading Conclusions or Labels | Pleading Facts |
|---|---|
| Officer Smith used excessive force. | Officer Smith punched me in the face while I was handcuffed. |
| Nurse Jones acted with deliberate indifference. | I saw Nurse Jones at the clinic.  I told her I was bleeding and she could see that I was bleeding, but she did nothing to help me until I passed out. |
| The Mayor violated my First Amendment rights. | When I posted a comment criticizing the Mayor's failure to enact police reforms, the Mayor deleted my comment and blocked me from posting future comments. |
| The officers conducted an unreasonable search. | The officers had a warrant to search for a stolen car, but they searched areas of my house where they knew they would not find a stolen car.  They searched all my kitchen cabinets and drawers. |
| Defendant injured me.  Defendant assaulted me. | Defendant kicked me in the shin, causing me to trip and break my wrist. |

Imagine that you hired a group of actors to reenact the wrongdoing that happened to you. If you only gave them the information in left-hand column, then they could not act out the scene. If you gave them the information in the right-hand column, then they would know how to act out the scene.  As a general rule, you should include enough facts in your Complaint that an actor reading it could act out what happened to you.

**2.       Identify Who Did What.**

One way to identify who did what is to avoid using "passive" verbs.  Consider these two

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-02593-ODW-KES                                           Date: April 6, 2021
                                                                                            Page 6

sentences, the first of which uses a passive verb:

I was hit by the ball.

My brother hit me with the ball.

The first sentence does not say who hit me.  The second sentence, however, reveals that my brother is the person who hit me.  Allegations in a complaint should be phrased like the second sentence.  If you do not know the name of the person who acted wrongfully, then you can refer to them as "Doe."  For example, you might refer to two unknown correctional officers as "CO Doe 1" and "CO Doe 2."

Another way to identify who did what is to use particular a Defendant's name rather than a group pronoun (like "they") or lumping all the Defendants together.  For example:

| Unclear Who Did What | Clear Who Did What |
|---|---|
| Defendants searched my cell and took my property. | CO Smith and CO Jones searched my cell.  When I came back, everything was out of place and my radio was gone.  I believe one of them took it. |
| They refused my request for Kosher meals. | I submitted a request for Kosher meals and was interviewed by the chaplain.  I later received a written denial of my request signed by Sgt. Smith. |
| I was denied necessary medical equipment. | I told Dr. Jones that my feet hurt and requested that she authorize orthotic inserts for my shoes, but she refused to do so. |

FULL NAME
_____

COMMITTED NAME (if different)
_____

FULL ADDRESS INCLUDING NAME OF INSTITUTION
_____

_____

PRISON NUMBER (if applicable)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| PLAINTIFF, | _____ *To be supplied by the Clerk* |
| v. | **CIVIL RIGHTS COMPLAINT** |
| | **PURSUANT TO** *(Check one)* |
| DEFENDANT(S). | ☐ 42 U.S.C. § 1983 |
| | ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes    ☐ No

2.  If your answer to "1." is yes, how many? _____

Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.  Parties to this previous lawsuit:
Plaintiff _____

_____

Defendants _____

_____

b.  Court _____

_____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it

appealed?  Is it still pending?) _____

f.  Issues raised: _____

_____

_____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
occurred?  ☐ Yes      ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes      ☐ No

If your answer is no, explain why not _____

_____

_____

3.  Is the grievance procedure completed?  ☐ Yes      ☐ No

If your answer is no, explain why not _____

_____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
(print plaintiff's name)

who presently resides at _____ ,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

---

**CIVIL RIGHTS COMPLAINT**

on (date or dates) _____, _____, _____.
(Claim I)                    (Claim II)                     (Claim III)

**NOTE**:     You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

2.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

3.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

**CIVIL RIGHTS COMPLAINT**

4. Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both):  ☐ individual     ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

5. Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both):  ☐ individual     ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____

   _____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**CIVIL RIGHTS COMPLAINT**

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____        _____
            *(Date)*                              *(Signature of Plaintiff)*