O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DAMON EPPS,<br><br>        Plaintiff,<br><br>    v.<br><br>LAC,<br><br>        Defendant. | Case No. 2:21-cv-02593-ODW-KES<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |

## I.
## BACKGROUND

In March 2021, Robert Damon Epps ("Plaintiff"), an inmate in state custody who is proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983. ("Complaint" at Dkt. 1.) He requested assignment to a single cell based on his fear of physical assault by other inmates. (Id. at 5.)

The Court reviewed the Complaint under the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a), and found that it failed to state a claim against LAC (California State Prison-Los Angeles County), the prison where Plaintiff is currently housed and the only Defendant named in the Complaint. (Dkt. 6); see

also CDCR Inmate Locator, https://inmatelocator.cdcr.ca.gov/. The Court dismissed the Complaint with leave to amend, directing Plaintiff to respond to the dismissal order on or before May 4, 2021. (Dkt. 6 at 3-4.) After Plaintiff failed to respond, the Court ordered Plaintiff to show cause on or before June 28, 2021 why this action should not be dismissed for lack of prosecution and/or failure to follow the Court's orders. (Dkt. 7.) As of the date of this Order, the Court has not received any further filings from Plaintiff.

## II.
## DISCUSSION

**A.    Legal Standard**

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."[1] Local Rule 41-6 provides:

> A party proceeding pro se shall keep the Court and opposing parties
> apprised of such party's current address and telephone number, if any,
> and e-mail address, if any. If mail directed by the Clerk to a pro se
> plaintiff's address of record is returned undelivered by the Postal
> Service, and if, within fifteen (15) days of the service date, such
> plaintiff fails to notify, in writing, the Court and opposing parties of
> said plaintiff's current address, the Court may dismiss the action with

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

or without prejudice for want of prosecution.

L.R. 41-6.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

**B.  Analysis**

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor—the Court's need to manage its docket—favors dismissal here because Plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Id. (internal quotations marks omitted).

The third factor—prejudice to Defendant—weighs in favor of dismissal, although perhaps not as strongly as some of the other factors. Because this Court dismissed the complaint on screening, Defendant has not been served. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("[T]he government has not been ordered to respond to Pagtalunan's habeas petition. We have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."); Hunter v. Sandoval, No. 17-cv-09257-CJC-SHK, 2018 U.S. Dist. LEXIS 210543 at *5, 2018 WL 6570870 at *2 (C.D. Cal. Dec. 12, 2018) (finding no prejudice to a defendant who had not yet been served). On the other

hand, a rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643.

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court's prior orders warned Plaintiff that failure to respond might result in a dismissal of this action. (Dkt. 6 at 4; Dkt. 7 at 2.) See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—arguably weighs against dismissal here. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, the effect of this factor is somewhat mitigated by the fact that Plaintiff's Complaint failed to state a claim for relief for the reasons explained in the Court's April 6, 2021 dismissal order. (Dkt. 6.)

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Rule 41(b) and Local Rule 41-1. The Court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," a dismissal pursuant to Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits absent exceptions that are not relevant here); Local Rule 41-2 ("[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering all of the circumstances, the action will be dismissed in its entirety without prejudice.

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action without prejudice for failure to prosecute.

DATED: July 13, 2021

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE